IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PHREATTA HUMPHREY                                                            PLAINTIFF

vs.                                   CASE NO. **3:06CV00199GH**

JIM WALTER HOMES, INC.                                                       DEFENDANT

## **ORDER**

Plaintiff brings this action alleging defendant discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant has filed a motion to dismiss, or in the alternative a motion to stay pending arbitration.

As part of her employment with defendant, plaintiff on June 24, 2003, executed an Acknowledgment and Receipt Form, acknowledging that she had received a copy of defendant's Dispute Resolution Program ("DRP") . The Acknowledgment and Receipt Form, which is one page contained the following:

> I acknowledge that the Dispute Resolution Program contains an arbitration provision that requires all employees to arbitrate all claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment Act . . . in lieu of litigating those claims in court.
> I understand that all employees of the Company are subject to this Dispute Resolution Program. I acknowledge that this Dispute Resolution Program contains a provision which states that, by continuing my employment with the Company after July 1, 2003, I am bound by the Dispute Resolution Program.[1] which included a provision requiring employees to arbitrate all claims under the ADEA in lieu of litigating the claims in court.

The Dispute Resolution Program is described in a separate booklet.[2] It provides for both mediation and arbitration of claims. Mediation is voluntary, while arbitration of a

---

[1] Exhibit A to defendant's motion to dismiss.

[2] Exhibit B to defendant's motion to dismiss.

-1-

covered claim is mandatary. Covered claims include a claim based on the ADEA.

Plaintiff does not dispute that she signed the Acknowledgment and Receipt Form but contends that the DRP is not an enforceable contract due to lack of mutual agreement. She contends that the arbitration process is unfair, and that she was required to sign the Acknowledgment Form under duress; that is, that she had to do so to maintain her employment.

> There is a strong federal policy favoring arbitration. The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14, preempts all state laws that reflect a policy disfavoring arbitration and which are designed specifically to limit arbitration. The Supreme Court has established that an arbitral forum is, as a general matter, adequate to preserve statutory rights and adjudicate statutory claims. ADEA claims are arbitrable, and the FAA extends to most arbitration agreements covering employment disputes. In light of this federal policy, arbitration agreements are to be enforced unless a party can show that it will not be able to vindicate its rights in the arbitral forum.

*Faber v. Menard, Inc.* 367 F.3d 1048, 1052 (8th Cir. 2004) (citations omitted)

In reviewing an arbitration clause, the Court determines only whether there is a valid arbitration agreement and whether the particular dispute falls within the terms of that agreement. *Id.* There is a presumption in favor of arbitrability. *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F. 3d 943, 945 (8th Cir. 2001). Whether the agreement is valid is a matter of state contract law. *Barker v. Golf U.S.A., Inc.*, 154 F. 3d 788, 791 (8th Cir. 1998).

In Arkansas, the "essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation. Furthermore, the construction and legal effect of a written contract to arbitrate are to be determined by the court as a matter of law." *Alltel Corp. v. Sumner,* 360 Ark. 573, 576 (2005)(citations omitted).

Here, plaintiff received the Acknowledgment and signed it. Defendant agreed to employ her. She agreed to the terms of the Acknowledgment by her continued employment after July 1, 2003. She does not claim to not be competent or not to understand the document.

Under Arkansas law, in order to invalidate a contract because of undue influence, plaintiff must show that she was deprived of her free will.  "When unfair advantage in a transaction is rendered probable because of superior knowledge of the matter derived from a fiduciary relationship; from overmastering influence on the one side; or from weakness, dependence, or trust justifiably reposed on the other side, it is incumbent on the stronger party to show that no deception was practiced."  *Dent v. Wright,*  322 Ark. 256, 262 (1995).

Here, plaintiff has not demonstrated that she was unduly influenced in signing the Acknowledgment.  It was a condition of her employment.  Courts have upheld arbitration agreements despite the disparity in bargaining power.   *See Berkley v. Dillard's Inc.*, 450 F. 3d 775, 777 (8th Cir. 2006) (by continuing employment, plaintiff accepted terms of arbitration program);   *Faber v. Menard, Inc.,* 367 F. 3d 1048, 1053 (8th Cir. 2004) (arbitration agreement not unconscionable merely because of inequality in bargaining power).

Additionally, the Supreme Court has rejected plaintiff's contention of the unfair nature of the arbitration forum.  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30-33 (1991) (rejecting arguments that arbitration panels are biased, that discovery is more limited, that no written opinion are published and that there is often unequal bargaining power between the parties as grounds not to enforce an arbitration agreement).

In sum, the Court finds that there is a valid agreement to arbitrate. As all plaintiff's claims are subject to arbitration, there is no need to stay this proceeding.

Accordingly, the motion to dismiss is granted; the motion to stay pending arbitration is denied.   The complaint is hereby dismissed without prejudice.

IT IS SO ORDERED this 8th day of February, 2007

_____
UNITED STATES DISTRICT JUDGE